UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                            DECISION AND ORDER

                   Plaintiff,

                                            17-CR-6090L

                v.

THOMAS WILLIAMS,

                   Defendant.
_____

      United States District Court Judge Charles J. Siragusa referred all pretrial matters in this case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. §§ 636(b). Defendant Thomas Williams ("Williams") is charged in a one-count Indictment with distributing methamphetamine.

      Williams filed a series of motions including motions to suppress statements that Williams made to law enforcement officers and a motion to suppress consensual recordings of certain telephone calls made by Williams with a confidential source. Magistrate Judge Payson conducted a suppression hearing on the motion to suppress statements and the only witness who testified was Thomas Wiedrick, an Investigator with the New York Livingston County's Sheriff's Office. Wiedrick was involved in a drug task force and had been employed with the Sheriff's Office for approximately twenty-six years.

      Wiedrick was present when Williams was arrested in California on a federal warrant relating to the methamphetamine investigation. Wiedrick testified that he was present when

Williams was fully advised of his *Miranda* warnings. Those rights and the entire interview, which lasted about twenty minutes, was recorded. Williams did not testify at the suppression hearing, but submitted an affidavit claiming that he had used methamphetamine on the day of the arrest and does not recall being informed of or waiving his *Miranda* rights.

Magistrate Judge Payson determined that Williams was in custody but was advised of his *Miranda* rights and that he validly waived them. The Magistrate Judge determined that the Government established the waiver of the *Miranda* rights. Specifically, Magistrate Judge Payson found that Williams understood his *Miranda* rights and knowingly waived them. Magistrate Judge Payson referenced the audio recording which demonstrated the advice of rights and the waiver by Williams.

The Magistrate Judge credited the testimony of Investigator Wiedrick who testified that Williams did not display any of the characteristics of drug or alcohol intoxication. She found Williams's statements to be voluntary and there was nothing in the record to suggest any intimidation or coercion by the officers.

Magistrate Judge Payson also determined that there had been a valid waiver of Williams's Sixth Amendment rights. Those rights attached upon the filing of the Indictment which preceded Williams's arrest. Magistrate Judge Payson found that Williams had been advised of his rights and that the Government had established a valid waiver and that Williams was not adversely affected or impeded by drugs relative to his waiver.

The Magistrate Judge also recommended denial of Williams's motion to suppress certain telephone recordings. The Government submitted an affidavit from Investigator Wiedrick indicating that the confidential source had consented to having his conversations with Williams recorded. Clearly, as long as one party to a conversation consents, a telephone communication

between the individuals may be surreptitiously recorded. Magistrate Judge Payson cites the relevant law and made appropriate findings from the facts developed in the case.

**CONCLUSION**

Magistrate Judge Marian W. Payson issued a thorough Report and Recommendation (Dkt. #47) recommending that this Court deny defendant Thomas Williams's motion to suppress oral statements and his motion to suppress contents of telephone conversations between him and a confidential informant. Defendant Williams filed an objection (Dkt. #50) to the Magistrate's Report and Recommendation. After review of the papers filed in this case, as well as the transcript of the suppression hearing (Dkt. #33), I accept and adopt Magistrate Judge Payson's Report and Recommendation. I find no reasons to alter, modify or reverse any part of that recommendation.

Therefore, I deny defendant's motion to suppress statements and I deny his motion to suppress recorded telephone conversations between Williams and a confidential informant.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 24, 2018.